UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JABAR EVANS,<br><br>Defendant. | Crim. No. 2:21-cr-899 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter arises out of a three-count Indictment charging defendant Jabar Evans ("Defendant") with drug and firearm related offenses. Before the Court is Defendant's omnibus motion (the "Motion") to suppress certain evidence and to compel discovery from the Government. ECF No. 16. For the reasons set forth below, Defendant's Motion is **DENIED in part and GRANTED in part**.

   I.   BACKGROUND

A criminal complaint was filed against Defendant on July 1, 2021, with three counts: one count of possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1); one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 1. Defendant was arrested on August 25, 2021. ECF. No. 4. On December 3, 2021, Defendant was indicted by a grand jury charging him with the same three counts as the criminal complaint and included two additional forfeiture allegations. Defendant filed this omnibus motion on June 10, 2022, requesting: (1) suppression of evidence seized from room 207; (2) directing the prosecution to preserve notes from its investigation; (3) directing the early disclosure of Jencks Act materials; (4) directing early disclosure of Rule 404(b) evidence; and (5) granting the Defendant permission to file additional motions as necessary. ECF No. 16.

   A. The Discovery of Firearms

On April 23, 2021, Defendant rented room 306 at the Haiban Inn Hotel in Jersey City, New Jersey. Defendant continued renting room 306 until on June 22, 2021, when he requested to move to a larger room. Two unidentified individuals assisted Defendant in moving his contents from his original room in 306 to his new, larger room in 207. Upon Defendant's

departure, hotel housekeepers conducted routine cleaning and observed two firearms that had been left behind in an open safe within room 306. The housekeeper placed the two firearms in an orange bag with the logo, "Miss Jessie's" in black ink. Hotel personnel contacted law enforcement and Jersey City Police were dispatched. Law enforcement recovered one silver and black .45 caliber Ruger P90 handgun and one black 9mm Glock 26 handgun. The 45 caliber Ruger was bearing serial number 660-91580 and was loaded with seven hollow point bullets. The 9mm Glock was missing its magazine and its serial number was defaced.

### B. The Search Warrant

Based off hotel records, law enforcement identified Defendant as the most recent occupant of room 306 and the current occupant of room 207. Law enforcement also determined that Defendant had an active arrest warrant for terroristic threats. Officers responded to room 207 to execute the arrest warrant and placed the Defendant in custody with no issue. Law enforcement then obtained a search warrant for room 207. The search warrant was approved by assistant prosecutor Charles Cho on June 23, 2021, and later authorized by the Judge Jablonski of the Superior Court of New Jersey, Hudson Vicinage. ECF No. 16, Ex. E. The warrant was issued on written application supported by an affidavit from Detective Dave Valente, Jersey City Police Department. In relevant part, the affidavit in support of the search warrant set out the following facts: (1) two handguns were found in an open safe in room 306; (2) the Glock had a defaced serial number and was missing its magazine; (3) the most recent occupant of room 306, the Defendant, moved to room 207; and (4) the detective believed room 207 would contain the missing magazine as well as information that may have helped identify who possessed the two firearms in room 306. *Id.* The affidavit in support of the search warrant also noted that there was probable cause to believe that there is concealed property used in connection in violation of unlawful possession of a weapon, N.J.S. 2C:39-5b, which may include: "mail issued to residents, including other identifiers that would properly and positively identify the residents, firearms, magazines, ammunition or other evidence relating to firearms or other items of evidentiary value." *Id.*

### C. The Fruits of the Search

When officers responded to room 207 to execute the warrant, Defendant was the sole occupant. Defendant refused to consent to a search of room 207 and was taken to a nearby hospital for medical examination. During the search, law enforcement recovered narcotics in various areas. One officer observed a piece of broken drop ceiling on top of the pillowcase where Defendant had been located. This led officers to search the ceiling area above that pillowcase more thoroughly, which revealed two duffle bags and a backpack with a large quantity of narcotics. Law enforcement also recovered a six-round .380 caliber magazine during the search. In addition, officers recovered: (1) seven clear plastic bags of a substance later confirmed to be fentanyl; (2) one clear knotted bag of a substance later confirmed to be fentanyl; (3) one plastic bag of a substance later confirmed to be methamphetamine; (4) approximately 12,707 glassine bags of suspected heroin with an assortment of stamps; (5) one clear plastic bag of suspected cocaine base; (6) 113 pills; (7) two bottles of promethazine with

codeine; (8) packaging materials, including twenty boxes of empty glassine envelopes, digital scales, strainers, and measuring cups; and (9) approximately $8,005.

## II. DISCUSSION

### A. Suppression of Evidence Seized from Room 207

"A reviewing court may not conduct a *de novo* review of a probable cause determination." *United States v. Golson*, 743 F.3d 44, 53 (3d Cir. 2014) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). Instead, a reviewing court's duty is to "ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993). In making a probable cause determination, "the judge issuing the warrant looks at whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place,' and thus [the court] must 'uphold the warrant as long as there is a substantial basis for a fair probability that evidence will be found.'" *Golson*, 743 F.3d 44, 53 (first quoting *Gates*, 462 U.S. at 328, then quoting *Conley*, 4 F.3d 1200, 1205). Even if the magistrate lacked a substantial basis for the issuance of a search warrant, a court ordinarily should not suppress evidence seized pursuant to that warrant "when an officer acting with objective good faith has obtained [the] search warrant from a judge or magistrate and acted within its scope." *United States v. Leon*, 468, U.S. 897, 920 (1984).

Here, the search warrant laid out sufficient facts to support a probable cause determination that evidence of unlawful possession of a weapon would be found in room 207, including identifying information of who might be the owner of the two firearms found in 306. Given that one of the firearms was defaced and had its magazine missing, the most logical place for law enforcement to search for further evidence was the second room. This is further supported by the fact that the person under which room 306 was most recently registered was also the same individual listed under room 207. The Court concludes that there was a substantial basis for a fair probability that evidence would have been found in room 207. Furthermore, even if the facts were insufficient, which they were not, the good-faith exception would nonetheless apply. The officers in this case acted with objective good faith in obtaining the warrant and acted within its scope. Accordingly, Defendant's motion to suppress evidence seized from room 207 is **DENIED**.

### B. Compelling Discovery

Defendant argues that the Court should compel "all prosecution law enforcement agents who participated in the investigation of this matter to retain and preserve: (1) contemporaneous rough notes taken by a prosecution agent […] during the course of their investigation; (2) email messages and text messages between prosecution law enforcement agents […] during the course of their investigation; (3) subsequently prepared drafts of investigative reports; and (4) any final reports signed by the agent." Def.'s Br. at 13. The

Government replied in opposition that it is aware of its obligations in this regard and will comply. Defendant's request for preservation of notes is **DENIED** as **MOOT**.

Defendant also asks the Court to compel pretrial disclosure of Jencks Materials under 18 U.S.C. § 3500 because "[t]rial of this matter will likely involve a substantial number of prosecution witnesses [and] [i]nspeciton by the defense … after each of the numerous witnesses has testified will significantly lengthen the trial of this matter." *Id.* at 14. The Government opposes such a request, noting that the plain text of the Jencks Act dictates that the government must produce a witness's prior statements upon completion of that witness's direct examination. Notwithstanding this clear principle, it is also a practice of the Government in this district to provide Jencks material in advance of a directive to avoid delays. Govt. Opp. Br. at 9. The Government has acknowledged that it will "turn over Jencks material in a timely manner in advance of any Government witness's testimony" consistent with the law and this District's practices. *Id.* Accordingly, Defendant's request is **DENIED** as **PREMATURE**.

Defendant requests an order compelling the Government to provide pretrial disclosure of any Rule 404(b) evidence it intends to introduce at trial. Def.'s Br. at 15. The Government, again, acknowledges its obligation under the rule and states it "will endeavor to provide Defendant with reasonable notice of its intention to offer such evidence." Govt. Opp. Br. at 10. Therefore, Defendant's request is **DENIED** as **PREMATURE**.

Lastly, Defendant requests that he be permitted to file additional pretrial motions as necessary. The Government does not oppose this request so long as any subsequent motions are limited to issued raised by future disclosures. Defendant's request is **GRANTED** with the Government's limitation.

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion to suppress evidence seized from room 207 is **DENIED**; Defendant's request for preservation of notes is **DENIED** as **MOOT;** Defendant's request for pretrial disclosure of Jencks Materials is **DENIED** as **PREMATURE**; Defendant's request for pretrial disclosure of 404(b) evidence is **DENIED** as **PREMATURE**; Defendant's request to file additional pretrial motions is **GRANTED**.

An appropriate Order shall follow.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  November 2, 2022**