**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**JABAR EVANS** | Crim. No. 21-cr-899<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant Jabar Evans's ("Evans" or "Defendant") motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Motion"). ECF No. 71. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

On October 19, 2023, following a six-day trial, Defendant was convicted of one count of unlawful possession of a firearm by a convicted felon, one count of possession with intent to distribute controlled substances, and one count of possession of a firearm in furtherance of a drug trafficking crime. ECF No. 50.

The conviction stemmed from the following facts presented at trial. On April 23, 2021, Defendant rented Room 306 at a hotel in Jersey City, New Jersey. Defendant rented that room for approximately two months, until he requested a move to a larger room in the hotel. The hotel provided Defendant with Room 207. Evans moved into the new room on the morning of June 22, 2021. During the entire two-month period that Defendant rented at the hotel, he shared the room with five other individuals. On the afternoon of June 22, 2021, after Defendant and the others had moved rooms and checked out of Room 306, a hotel worker cleaning Room 306 found two firearms inside the room's safe. The worker turned the handguns in, and hotel staff called the police. Upon collecting the guns and Evans's identity, police discovered an outstanding arrest warrant for Defendant. Later that night, pursuant to that warrant, Defendant was arrested in Room 207. After obtaining a warrant to search Room 207, officers found a large quantity of drugs, drug paraphernalia, a gun magazine, and cash inside the room.

At trial, Evans testified that he did not know of the guns. Evans asserted that the weapons must have belonged to one of the other individuals staying in the room, including a person identified as "Uno." He similarly testified that the drugs belonged to one of his roommates.

Ultimately, after two hours of deliberation, the jury convicted Defendant on all three counts. Defendant was sentenced to sixteen years of imprisonment. Two and a half years after trial concluded, Evans brought the present Motion based on newly discovered

evidence allegedly demonstrating that Defendant did not possess the firearms and had no knowledge of the firearms.

Evans states that since trial, he has acquired a video recording showing a roommate in Room 306 handling the firearms found in the safe. That individual, described as "Daeuno," sent the recording to Defendant's mother and sister along with a video of himself admitting to placing the firearms in the safe of Room 306 and stating that Defendant did not know about the firearms (the "Daeuno Videos"). The Court was not provided the videos themselves, with the information coming instead from two vague declarations. The declarations were submitted by Defendant's mother and sister, not Daeuno himself. Nevertheless, Evans argues that the Daeuno Videos show that Evans should have been acquitted of the firearm charges and would have led to the suppression of the drug evidence which was discovered pursuant to the search warrant obtained as a result of Defendant's alleged possession of the firearms. (Def.'s Mot. 2.)

The Government counters that the evidence presented in the Motion is not "newly discovered" and does not satisfy the requirements of a Rule 33 motion for a new trial. (Gov't's Opp'n Br., ECF No. 73.)

## II. LEGAL STANDARD

Rule 33 of the Federal Rules of Criminal Procedure provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where, as here, such a motion is made based upon the discovery of new evidence, a new trial may be ordered if the following requirements have been met:

> (a) the evidence must be[,] in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on[ ] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir. 1976). Defendant must satisfy each of these factors, or else the Rule 33 motion fails. *United States v. Kelly*, 539 F.3d 172, 182 (3d Cir. 2008); *see also United States v. Jasin*, 280 F.3d 355, 365 (3d Cir. 2002). The movant has a "heavy burden of proving each of these requirements." *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). An evidentiary hearing is not required for a Rule 33 motion, and need only be held in exceptional circumstances. *See United States v. Herman*, 614 F.2d 369, 372 (3d Cir. 1980); *United States v. Bergrin*, No. 20-2828, 2022 WL 1024624, at *7 (3d Cir. Apr. 6, 2022).

## III. DISCUSSION

Evans asserts that the newly discovered evidence in this case, specifically, the Daeuno Videos, necessitates a new trial. Defendant has failed to satisfy at least three of the *Iannelli* requirements.

1. **The Daeuno Videos Do Not Constitute Newly Discovered Evidence Under Rule 33**

Evidence is not newly discovered "if it 'was [actually] known or could have been known by the diligence of the defendant or his counsel.'" *Cimera*, 459 F.3d at 461 (quoting *United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967)). Notably, the analysis is conducted by looking at the substance of the evidence, not the source. *See United States v. Davis*, No. 05-482 (JLL), 2011 WL 5025113, at *2 (D.N.J. Oct. 21, 2011) ("It is the substance—not the source—of evidence that concerns the Court when making the judgment whether it is 'newly discovered.'"); *see also Jasin*, 280 F.3d at 367 ("[Defendant] fails to understanding that whether the defendant was aware of the substance of the testimony at the time of trial … is the determining factor under the first prong.").

In this case, the declarations are not newly discovered evidence. That the Daeuno Videos are packaged in the form of two declarations created after the trial is irrelevant. The substance of the allegedly new evidence is that Daeuno was in possession of the firearms, and that Evans had no knowledge of them. This is not information that was unknown to Evans at trial. In fact, one of Defendant's core arguments during trial was that the weapons did not belong to him, and that he had no knowledge of them. Evans advanced the same argument at trial, and so does not constitute newly discovered evidence here under Rule 33.

The video of Daeuno handling the weapons inside of Room 306 necessarily existed at the time of trial and could have been known at the time through due diligence. Evans fails to demonstrate otherwise. Daeuno's statement that Evans was unaware of the firearms was also available at the time of trial and is not newly discovered. Defendant does not put forth any facts showing that he attempted to procure the testimony of Daeuno or Uno for trial. Given the record, which identifies the individuals who occupied the hotel room with Evans, and Defendant's motion papers stating that Daeuno was one of the room's co-occupants, it seems clear to the Court that Daeuno and Uno are one and the same. As one of the four other occupants of the room, Evans could have tried to obtain the testimony, even if Uno was ultimately unable or unwilling to provide such testimony. *See United States v. Kelly*, 539 F.3d 172, 183–84 (3d Cir. 2008). By failing to do so, Evans did not act diligently to discover any potentially exculpatory statement.

Because the evidence could have been found with diligence on the part of Defendant or his counsel, the evidence is not newly discovered and fails to satisfy the first *Iannelli* factor.

2. **Diligence Cannot Be Inferred**

Looking to the second *Iannelli* factor, the diligence inquiry is "whether the evidence at issue could have been discovered before or at the time of trial with the exercise of reasonable diligence on behalf of the defendant and/or his counsel." *Kelly*, 539 F.3d at 182.

Evans could have sought the testimony of Uno but declined to do so, despite testifying that Uno was the only user of the safe. Evans fails to show an effort to obtain

Uno's testimony, nor does he provide reasoning as to the decision not to do so. Because Defendant does not allege any facts from which the Court can excuse his lack of diligence in pursuing this theory prior to or at trial, Evans fails to satisfy the second *Iannelli* factor.

### 3. The Evidence Would Not Probably Produce an Acquittal

The fifth *Iannelli* factor requires that the newly discovered evidence, if presented at a new trial, probably produce an acquittal. This analysis requires a determination of whether the evidence is credible, and whether a jury would probably acquit the defendant upon hearing the new evidence. *Kelly*, 539 F.3d at 189.

During trial, the jury heard testimony from Evans and other witnesses, including Defendant's mother, that the weapons did not belong to Defendant. Evans testified that Uno was the only individual in the room who used the safe in which the guns were found. But ultimately, the jury found against Evans and convicted him based on the evidence presented. The new information provided to the Court does not come from Uno himself, but rather the Defendant's mother and sister, two individuals potentially of interest to Evans. Uno, the individual who has allegedly claimed that he is the true owner of the firearms, has not come forward and provided a statement to the Court. Whether or not the Daeuno Videos would have an impact on the jury is not the inquiry demanded by Rule 33. Rule 33 requires a finding that the evidence would likely result in an acquittal. Because the Court does not find that the evidence would probably have produced an acquittal, Evans fails to satisfy the fifth *Iannelli* factor.

## IV. CONCLUSION

For the reasons stated above, Evans's Motion is **DENIED**. An appropriate Order follows.

Date: October 1, 2026

**WILLIAM J. MARTINI, U.S.D.J.**